# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TULSA PROPULSION ENGINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL, INC., <br><br> Defendant. | Case No. CIV-07-360-RAW |

## **ORDER**

Before the Court is Defendant's Motion to Dismiss [Docket No. 11] filed on November 5, 2007. Plaintiff has not responded to the motion. Local Civil Rule 7.1(h) states that when a party fails to oppose a dispositive motion, the Court in its discretion may provide an additional eleven days for a response, after which the case will be dismissed, or deem the motion confessed. The Court declines to provide Plaintiff with additional time to respond to the motion. The Court need not deem the motion confessed either, however, as the Court makes its ruling on the merits. For the reasons delineated below, the Court hereby GRANTS the motion. Defendant's motion relates only to Counts I (negligence), II (*res ipsa loquitor*) and IV (fraud, deceit and misrepresentation). Therefore, the breach of contract claim, Count III, remains.

Tulsa Propulsion Engines, Inc. ("TPE") claims that it submitted the winning bid on an auction package listed by Honeywell International, Inc. ("Honeywell") and that Honeywell was thereafter unable to deliver the goods as promised. TPE is an Oklahoma corporation. Honeywell is a Delaware corporation with its principal place of business in New Jersey. The auction items at issue in this action were to be shipped from Arizona.

As Defendant points out, both Oklahoma and Arizona would apply the economic loss rule in this action. See Carstens v. City of Phoenix, 75 P.3d 1081, 1083-84 (Ariz. Ct. App. 2003); Oklahoma Gas & Elec. Co. v. McGraw-Edison Co., 834 P.2d 980, 982 (Okla. 1992). Under the economic loss rule, when a plaintiff has suffered purely monetary injuries and has remedies in contract, he may not also recover losses in tort. See id. Accordingly, Plaintiff's claim of negligence, Count I, is dismissed.

As to Plaintiff's Count II, as Defendant argues, *res ipsa loquitor* is an evidentiary doctrine, not a separate cause of action. Therefore, Plaintiff's second count is dismissed. Count IV, Plaintiff's claim of fraud, deceit and misrepresentation, also fails, as Plaintiff did not plead it with particularity as required by Federal Rule of Civil Procedure 9(b). Thus, Count IV is also hereby dismissed. The Court notes, however, that it would entertain a motion by Plaintiff to amend its Complaint and cure the defect in Count IV.

Accordingly, Defendant's Motion to Dismiss Counts I, II and IV [Docket No. 11] is hereby GRANTED.

IT IS SO ORDERED this 10th day of December, 2007.

**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**